UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SANDY SMITH, JR. #544410       CIVIL ACTION NO. 16-cv-0121

VERSUS       JUDGE FOOTE

KEITH DEVILLE       MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Sandy Smith, Jr. ("Petitioner") was charged in Caddo Parish state court with several drug crimes. He eventually pleaded guilty to possession of a firearm by a convicted felon and two counts of possession of marijuana with intent to distribute. He reserved the right to appeal the denial of a motion to suppress, and he pursued that appeal through the Supreme Court of Louisiana's writ denial in October 2015. Petitioner did not file a post-conviction application in state court at that time. Instead, he quickly filed a Petition for Writ of Habeas Corpus in this federal court.

The State filed a response to the petition in September 2018, which made the petition ripe for decision. Petitioner then filed in November 2018 a Motion to Stay (Doc. 29) in which he stated that he had (unspecified) newly discovered evidence and had filed an application for post-conviction relief in the state courts. He asked the court to stay this habeas proceeding to await the exhaustion of those additional claims so that he could attempt to amend his federal petition and add them.

The stay and abeyance requested by Petitioner "should be available only in limited circumstances." Rhines v. Weber, 125 S.Ct. 1528 (2005). Courts should be cautious about

granting such stays because they undermine the AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. A "stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." Id.

Petitioner could have filed his post-conviction application within one year of the finality of his conviction after direct appeal. That would have tolled the federal limitations period and allowed him to present in one petition claims exhausted on both direct appeal and the post-conviction process. That is the procedure used by most habeas petitioners who file in this court. Petitioner elected instead to immediately file his federal petition rather than take the time to ensure that he had exhausted all claims he wished to present in it. Petitioner may argue that he did not first file a post-conviction application because he did not have the newly discovered evidence referenced in his motion to stay, but the motion gives no hint as to the nature of that evidence or why it could not have been reasonably discovered earlier.

The burden is on Petitioner to show good cause to stay this case, which has already been pending for more than three years. Petitioner does not give a detailed report as to the status of his state post-conviction proceedings, but it could easily several months or even a few years before all stages of those proceedings are completed, especially if they are as convoluted as Petitioner's direct appeal process, which was delayed and complicated by various supplements and applications for rehearing. Accordingly, the best exercise of this

court's discretion in these circumstances is to deny a stay and encourage proper exhaustion of all claims before a habeas petitioner comes to federal court. Accordingly, Petitioner's **Motion to Stay (Doc. 29)** is denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of February, 2019.

Mark L. Hornsby
U.S. Magistrate Judge